UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON PADILLA DIAZ, | No. 1:26-cv-3608 DAD AC |
| Petitioner, | |
| v. | ORDER |
| DIRECTOR, CALIFORNIA CITY CORRECTIONAL FACILITY, et al., | |
| Respondent. | |

Petitioner is a federal immigration detainee.  With the assistance of his sister and "next friend" Laura Padilla, petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  The petition is accompanied Ms. Padilla's declaration, which states that she is submitting the petition on petitioner's behalf because he is detained and does not have "the ability to prepare and file this petition on his own."  Id. at 4.  The verification of the petition was also completed by Ms. Padilla.  Id. at 3.  There is also a declaration for petitioner that includes his printed name.  Id. at 5.  It is unclear whether petitioner signed the declaration or someone else filled in his name.

"'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."  Whitmore v. Arkansas, 495 U.S. 149, 162 (1990).  Next friend standing is not automatic, and there are two

1

prerequisites to establish the requisite standing. Id. at 163.

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Id. at 163-64 (internal citations omitted). Ms. Padilla has failed to demonstrate the existence of the first prerequisite, namely that petitioner is not able to appear on his own behalf. She merely alleges that petitioner is unable to submit a petition because he is detained. However, thousands of immigration detainees have filed petitions while detained and have thereafter represented themselves.

Because nothing in the present record supports a finding that petitioner is unable to appear on his own behalf, Ms. Padilla does not have standing to bring this action for him. Ms. Padilla may facilitate the filing of petitioner's petition, but petitioner himself must sign the document as required by Federal Rule of Civil Procedure 11(a) and Local Rule 131.

Federal Rule of Civil Procedure 11(a) states

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or *by a party personally if the party is unrepresented*. The paper must state the signer's address, e-mail address, and telephone number . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a) (emphasis added). Local Rule 131(a) states "all pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if the party is appearing in propria persona."

Petitioner, who is not represented by counsel, did not sign the petition. Although a declaration from petitioner has been attached, it is unclear whether he signed the declaration, and if he did sign the declaration would indicate that he capable of signing and submitting a petition. Accordingly, the petition will be stricken from the record as improperly filed and petitioner will

be given an opportunity to submit a petition bearing his signature if he wants to pursue this case. In the event plaintiff does not submit a signed petition within the time provided it will be recommended that this action be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court is directed to STRIKE the petition (ECF No. 1).

2.  If petitioner wishes to continue pursuing this case, within thirty days of the service of this order, petitioner must file a petition bearing his signature (if he continues to proceed without counsel), or counsel's signature (if he obtains counsel).  Failure to submit a properly signed petition will result in a recommendation that this action be dismissed without prejudice.

DATED: May 18, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE