UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON PADILLA DIAZ,<br>A-221-132-265,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, CALIFORNIA CITY CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-3608 DAD AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the undersigned recommends petitioner's petition be granted, petitioner be immediately released, and respondents be enjoined from unlawfully re-arresting or re-detaining petitioner.

I. Factual Background[1]

Petitioner is a native and citizen of Colombia who entered the United States with his minor child on June 30, 2024, at the southern border. ECF No. 22 (Verified Amended Petition) at 2, 15. He presented himself to immigration officials and was briefly detained. Id. That same

[1] All undisputed facts contained in the petition are deemed admitted and will be relied upon, unless the record reflects contrary facts. Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

day, the Department of Homeland Security issued a Notice to Appear charging petitioner as removable pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") and released him from custody on an Order of Release on Recognizance ("ROR") (Form I-220A). Id.; ECF No. 22-1 at 2-5; ECF. No. 26-1 at 21. After his release, petitioner filed an Application for Asylum and Withholding of Removal (Form I-589), obtained an Employment Authorization Card and Social Security Number, and maintained a residence in Idaho. ECF No. 22 at 2, 15.

On March 16, 2026, petitioner was arrested by local law enforcement on a misdemeanor charge of injury to a child, in violation of Idaho Code § 18-1501(2). Id. at 3, 15-16; ECF No. 22-3; ECF No. 26; ECF No. 26-2 at 6-7. At arraignment, the state court set bond at $500, which petitioner posted on March 20, 2026, and entered a no-contact order. ECF No. 22 at 3, 16; ECF No. 22-3 at 3, 5; ECF No. 26-2 at 8-10. Prior to petitioner's release on bond, Immigrations and Customs Enforcement ("ICE") re-detained him from the jail on March 21, 2026, and served him with a "Warrant for Arrest of Alien," Form I-200. ECF No. 22 at 3-4, 16; ECF No. ECF No. 26-1 at 7, 15-16. Petitioner asserts that, prior to his re-detention, he complied with all conditions of his release, maintained employment, supported his family, and has no criminal arrests or convictions other than the pending misdemeanor charge that led to his re-detention. ECF No. 22 at 15.

On July 23, 2026, an immigration judge ordered petitioner removed, and petitioner appealed that decision to the Board of Immigration Appeals ("BIA"); the appeal remains pending. ECF No. 28. Petitioner is detained at the California City Immigration Processing Center. ECF No. 22 at 4-5, 8.[2]

////

////

---

[2] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited Oct. 13, 2026), and the information provided on the Immigration and Customs Enforcement Online Detainee locator, available at https://locator.ice.gov/odls/#/search (last visited Oct. 13, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

II. Procedural History

Petitioner filed his pro se petition for writ of habeas corpus on April 21, 2026, in the Central District of California. ECF No. 1. The petition was transferred to the Eastern District of California, after which this court struck the petition with leave to amend because it was not signed by petitioner. ECF Nos. 8, 9, 13. Petitioner filed a pro se first amended petition on June 4, 2026. ECF No. 14. On July 18, 2026, petitioner filed another pro se petition, which was docketed as a new petition in case number 1:26-cv-04703, and the court appointed counsel in that case. See Padilla Diaz v. Chestnut (Padilla Diaz II), No. 1:26-cv-04703 DAD AC, ECF No. 1. On June 25, 2026, the court entered an order relating this case and Padilla Diaz II, reassigning both cases to the same district judge and magistrate judge, and referring the petition to the undersigned. ECF No. 19. On June 30, 2026, the undersigned entered a minute order re-appointing counsel from Padilla Diaz II to represent petition in the instant case and allowing appointed counsel to file an amended or supplemental petition. ECF No. 21.

On July 10, 2026, petitioner, through appointed counsel, filed a third amended petition for writ of habeas corpus under 28 U.S.C. § 2241, which is the operative petition in this case. ECF No. 22. On August 3, 2026, the undersigned ordered respondents to respond and directed them to "substantively address whether there are any factual or legal issues that materially distinguish this case from the Ninth Circuit decision in Rodriguez Vasquez[ v. Bostock, 183 F.4th 1160 (9th Cir. 2026)], and this court's prior orders in Ayala Cajina v. Wofford[, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025)], Reyes Perez v. Andrews[, No. 1:26-cv-05254 DAD CKD, 2026 WL 2042343 (E.D. Cal. July 15, 2026),] and other similar cases previously decided by this court." ECF No. 25. Respondents filed an answer to the petition on August 9, 2026. ECF No. 26. Petitioner filed a reply, and, subsequently, a notice regarding his pending appeal before the BIA. ECF Nos. 27, 28.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal

courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

## IV. Discussion

### A. Overview

The petition asserts petitioner was previously released ROR after encountering immigration authorities and is now unlawfully mandatorily detained under 8 U.S.C. § 1225(b)(2) without having been provided a bond hearing. ECF No. 22 at 16-17, 19-26. Petitioner contends that the revocation of his previously granted release and re-detention without notice and a pre-deprivation hearing also violates his procedural and substantive due process rights under the Fifth Amendment. Id. at 17-25. Petitioner further asserts that he cannot be lawfully detained under 8 U.S.C. § 1226(c)(1)(E) or detained for more than 90 days under 8 U.S.C. § 1225(b)(2) without a bond hearing. Id. at 26-29. By way of relief, petitioner seeks an order requiring his immediate release and enjoining respondents from re-detaining him without providing a pre-deprivation bond hearing at which respondents bear the burden of proving by clear and convincing evidence that petitioner presents a flight risk or danger to the community and alternatives to detention are considered, or, in the alternative, release within 7 days unless he is provided such a hearing. Id. at 29-30. Petitioner also seeks such further relief that the court deems just and proper. Id. at 30.

In response, respondents acknowledge that petitioner was previously released from immigration custody but assert that this case is distinguishable from Ayala Cajina and Reyes Perez because petitioner was taken directly into custody from county jail after violating his release based on his state misdemeanor charge and was detained on an administrative warrant,

Form I-200. ECF No. 26 at 1-2; ECF No. 26-1 at 7, 15-16; ECF No. 26-2 at 6-7. Respondents argue that the state charges and the state court's entry of a no-contact order when setting bond "created exigent circumstances justifying immediate detention to protect the community." ECF No. 26 at 2; ECF No. 26-2 at 8-10. Respondents argue that if the court grants relief, the remedy should be a bond hearing where the government bears the burden of demonstrating by clear and convincing evidence that petitioner is a danger or flight risk, rather than immediate release. ECF No. 26 at 2.

In reply, petitioner agrees that 8 U.S.C. § 1226(a) governs petitioner's detention but argues that the remedy should be his immediate release. ECF No. 27 at 4. Petitioner further argues that this case is materially indistinguishable from the court's prior orders in Ayala Cajina and Reyes Perez, where the petitioners were previously released after encountering immigration authorities and re-detained by immigration authorities following a state law violation. Id. at 5-9. Petitioner argues that, as in those cases, the lack of pre-deprivation notice and an opportunity to be heard violated his due process rights and warrants his immediate release. Id. at 9-10.

B. Violation of the INA

In Rodriguez Vazquez v. Bostock, the Ninth Circuit held that "noncitizens present without admission who are apprehended in the interior of the United States"—like petitioner—"are subject to the detention regime of § 1226(a) not § 1225(b)(2)(A)." 183 F.4th 1160, 1165, 1193 (9th Cir. 2026). For the past year, this court has maintained the same. See, e.g., Quichimbo-Jimenez v. Warden, No. 2:26-cv-0739 DAD EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026); Valencia Cardenas v. Chestnut, 1:26-cv-2073 DAD SCR, 2026 WL 785871 (E.D. Cal. Mar. 20, 2026). The ROR order that petitioner submitted with his petition reflects that he was released in accordance with INA § 236 (codified at 8 U.S.C. § 1226). ECF No. 22-1 at 2. Respondent states that petitioner's "[d]etention initially proceeded under 8 U.S.C. § 1225(b)(2)(A)" but concedes that Rodriguez Vazquez held "that § 1226(a) governs detention for interior arrests and entitles a detainee to seek a custody redetermination before an immigration judge." ECF No. 26 at 1.

Pursuant to the Ninth Circuit's holding in Rodriguez Vazquez, and adopting and incorporating the reasoning in this court's above-cited cases, the undersigned finds that

petitioner's detention is governed by § 1226(a). His detention under § 1225(b)(2)(A) and the resultant deprivation of a bond hearing was therefore unlawful, and the undersigned recommends that the petition be granted on petitioner's INA claim (Claim Three).

C. Violation of the Fifth Amendment Procedural Due Process Clause

As noted above, the court's briefing order directed a response to the petition and that respondents substantively address whether this case is materially distinguishable from Ayala Cajina and Reyes Perez. ECF No. 25. In those cases, noncitizens similarly asserted a violation of their due process rights based on the revocation of their release. Ayala Cajina, 2025 WL 3251083, at *2-5; Reyes Perez, 2026 WL 2042343, at *1-2.[3] Like petitioner, the noncitizens in Ayala Cajina and Reyes Perez had been previously arrested and were facing pending criminal charges at the time of their re-detention. Ayala Cajina, 2025 WL 3251083, at *1; Reyes Perez, 2026 WL 2042343, at *1. In both cases, the court found that procedural due process requires a pre-deprivation notice and a hearing to determine whether re-detention is warranted. Id. at *3-5; Ayala Cajina, 2025 WL 3251083, at *4; Reyes Perez, 2026 WL 2042343, at *2. Because the petitioners were not afforded these procedures, the court ordered their immediate release and enjoined respondents from re-arresting or re-detaining them absent compliance with specific pre-deprivation procedural protections. Ayala Cajina, 2025 WL 3251083, at *6; Reyes Perez, 2026 WL 2042343, at *2.

In their response, respondents contend that this case is distinguishable from the court's prior cases because petitioner was arrested and charged with misdemeanor injury to a child in state court, which violated his release, and was taken into custody directly from jail following this arrest. ECF No. 26. Respondents maintain that the state charges and the state court's entry of a no-contact order with the alleged victim of the misdemeanor charge "created exigent circumstances justifying immediate detention to protect the community." Id. at 2; see also ECF No. 26-2 at 5, 9-10.

[3] The petitioner in Ayala Cajina also asserted that his detention violated the Immigration and Nationality Act ("INA"), but the court found that relief was warranted on the due process claim and therefore declined to address the statutory issue. 2025 WL 3251083, at *5.

Although respondents attempt to distinguish this case from the court's prior orders in Ayala Cajina and Reyes Perez, the undersigned is not convinced that the distinction is material to the constitutional issue presented. Indeed, this court has held in similar circumstances that a noncitizen previously released by immigration authorities maintains a liberty interest in his or her continued release even when re-detention immediately follows an arrest by local law enforcement, and that due process requires a pre-deprivation hearing. See, e.g., Singh v. Facility Director Golden State Annex, No. 1:26-cv-08169 DAD JDP, 2026 WL 3041531, at *1-2 (E.D. Cal. Oct. 9, 2026) (finding that "petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention without a pre-deprivation hearing violated due process" despite his arrest and plea to misdemeanor false imprisonment charges immediately preceding re-detention); Reyes Perez, 2026 WL 2042343, at *1-2 (finding a due process violation based on the revocation of the petitioner's release following an arrest for violation of probation); Valdes v. Chestnut, No. 1:26-cv-04782 DAD SCR, 2026 WL 1852628, at *1 (E.D. Cal. June 26, 2026) (finding a due process violation and granting release where the petitioner was transferred to ICE custody following an arrest for driving on a suspended license and possession of a controlled substance and did not receive a pre-detention hearing); Bello Guaura v. Warden, No. 2:26-cv-01124 DAD AC, 2026 WL 895694, at *1 (E.D. Cal. Apr. 1, 2026) (finding a due process violation and granting release where petitioner was released ROR and arrested by local law enforcement for DUI and transferred to immigration custody); Marquez v. Chestnut, No. 1:26-cv-00988 DAD CSK, 2026 WL 326811, at *1 (E.D. Cal. Feb. 6, 2026) (finding a due process violation in the failure to provide pre-deprivation notice and a hearing prior to the non-citizen's re-detention after an arrest for driving under the influence).

While respondents argue that exigent circumstances justified petitioner's immediate detention without process, this assertion is unsupported. Respondents make a conclusory reference to petitioner's misdemeanor charge and the state court's entry of a no-contact order at arraignment without explaining how this created an exigency that would justify detaining petitioner without due process, particularly where he posted the $500 bond set by the state court and there is otherwise no evidence of non-compliance with pretrial release conditions. ECF No.

26; see also ECF No. 22-3 at 5; ECF No. 26-2 at 8. The documents included with the response reflect that ICE issued its detainer and warrant for petitioner's arrest on March 16, 2026, and did not take custody of petitioner until March 21, 2026. ECF No. 26-1 at 1-3, 7, 15-16. Respondents have not presented any argument as to why a pre-detention hearing could not have occurred during this time. ECF No. 26. Respondents also have not asserted or produced evidence that petitioner was promptly provided a hearing after he was detained, nor have they explained why petitioner has now been detained for over six months without a bond hearing. Id.[4]

Considering the facts of this case and the court's prior orders, the undersigned finds this case is materially indistinguishable from Ayala Cajina and Reyes Perez and adopts and incorporates the reasoning in those cases by reference. For the reasons set forth in Ayala Cajina, Reyes Perez, and the above-cited cases, the undersigned finds petitioner's re-detention without a pre-deprivation hearing before a neutral adjudicator where the government would be required to justify his re-detention by clear and convincing evidence violates due process. Ayala Cajina, 82025 WL 3251083, at *3-6; Reyes Perez, 2026 WL 2042343, at *2; see also Valdes, 2026 WL 1852628, at *1; Bello Guaura, 2026 WL 895694, at *1; Marquez, 2026 WL 326811, at *1.

D. Remedy

Having found that petitioner's detention is a violation of both petitioner's statutory rights under the INA and his constitutional rights under the Due Process Clause,[5] the undersigned must next determine the appropriate remedy. Petitioner seeks immediate release and an injunction against his re-detention without compliance with pre-deprivation procedures. ECF No. 22 at 5-6, 28-29. Respondents maintain that immediate release is unwarranted and the appropriate remedy is instead a post-deprivation bond hearing under 8 U.S.C. § 1226(a). ECF No. 26 at 2.

Petitioner has been detained for over six months without the procedure due to him under 8

---

[4] Respondents also state that petitioner's detention initially proceeded under 8 U.S.C. § 1225(b)(2)(A), which would require mandatory detention, and which would appear inconsistent with there having been any consideration at the time of petitioner's re-detention regarding pre-deprivation process. ECF No. 26.

[5] Because relief is appropriate on Claims Two and Three, the court declines to address petitioner's other claims, as they seek the same or similar relief (*i.e.*, petitioner's immediate release).

U.S.C. § 1226(a), despite being arrested on a warrant under § 236 of the INA, and the appropriate remedy for the statutory violation is to release him from unlawful custody. See, e.g., Dinesh S. v. Chestnut, No. 1:26-cv-01717 TLN EFB, 2026 WL 1028016, at *2 (E.D. Cal. April 16, 2026) (finding that "[i]t has been clear since ICE arrested Petitioner on a warrant pursuant to § 236 of the INA that the Government's authority for his detention derives from § 1226(a), not § 1225(b)(2)" and, given the government's lengthy deprivation "of the process owed him under that statute" . . . "the Court declines to allow the Government to use § 1226(a) for its detention authority but not its protections"); Mayen v. Warden, California City Detention Center, No. 1:26-cv-2354 DAD AC, 2026 WL 1067525 (E.D. Cal. Apr. 20, 2026), report and recommendations adopted, 2026 WL 1158217 (Apr. 29, 2026) (recommending release and an injunction against unlawful re-detention based on a finding that petitioner was detained in violation of the INA).

The undersigned further finds that the appropriate remedy for the constitutional violation is petitioner's immediate release from immigration detention. Ordering a post-deprivation hearing under these circumstances would render the due process right to a *pre*-deprivation hearing meaningless. See Castillo Ramirez v. Chestnut, No. 1:26-cv-06319 DAD JDP, 2026 WL 2391376 (E.D. Cal. Aug. 17, 2026) (citing Quijay Garcia v. Mattos, 2026 WL 1972386, at *5-8 (D. Nev. Jul. 8, 2026) ("a post-deprivation bond hearing before an IJ is structurally inadequate to cure the risk of erroneous deprivation created by the lack of pre-deprivation process under the government's current procedures")); Zurita Navarro v. Warden, No. 1:26-cv-05661 DAD SCR, 2026 WL 2294963 (E.D. Cal. Aug. 9, 2026) (ordering release for a noncitizen who was encountered by immigration authorities following his arrest by local law enforcement and was not provided pre-deprivation § 1226(a) procedures). Even if exigent circumstances could have supported the failure to provide petitioner a pre-deprivation hearing in this case, respondents have not explained why a prompt hearing was not held upon petitioner's re-detention. ECF No. 26. While petitioner's arrest *could* have constituted a materially changed circumstance "that would warrant detention . . . due process requires that assertion be tested at a hearing that meets constitutional requirements." Ortega v. Noem, No. 1:25-cv-01663 DJC CKD, 2025 WL

3511914, at *2 (E.D. Cal. Dec. 8, 2025).

In addition, petitioner has now been detained for over six months without the requisite bond hearing. This lengthy delay further supports that immediate release is the appropriate remedy for the due process violation. See Castro-Maradiaga v. Warden, No. 1:26-cv-05134 DAD SCR, 2026 WL 1999117, at *2 (E.D. Cal. July 10, 2026) (ordering the petitioner's immediate release in light of the government's delay in providing the requisite bond hearing despite ample opportunity to do so, and collecting cases); Feng v. Lyons, No. 1:26-cv-00235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) ("Despite ample opportunity to do so, the Government has not provided Petitioner with the statutorily required bond hearing" and "[s]uch a lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights") (collecting cases); see also Anderson v. Chernut, No. 1:26-cv-01960 DAD CKD, 2026 WL 809990, at *3-4 (E.D. Cal. Mar. 24, 2026) (concluding that a post-deprivation bond hearing provided months after a previously paroled non-citizen was detained does not satisfy due process where the required pre-deprivation process was not provided).

## CONCLUSION

Accordingly, IT IS RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner WILSON PADILLA DIAZ, A-221-132-265, under the same conditions to which he was subject immediately prior to his re-detention. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

2. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

3. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his re-detention.

4. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE